UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KENNETH WHITE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 4:14CV1367SPM |
| | ) | |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **JUDGMENT**

In accordance with the Oral Opinion entered this day and incorporated herein,

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that Judgment is entered for Defendant Carolyn W. Colvin, Acting Commissioner of Social Security, and against Plaintiff Kenneth White, and that Plaintiff's Complaint [Doc. 1] is **DISMISSED**, with prejudice.

/s/Shirley Padmore Mensah
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of August, 2015.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KENNETH WHITE,                       )
                                     )
            Plaintiff,               )
                                     )
    VS.                              ) No. 4:14-CV-1367(SPM)
                                     )
CAROLYN W. COLVIN, Acting            )  HEARING HELD
Commissioner of Social Security,     )  TELEPHONICALLY
                                     )
            Defendant.               )
_____)


ORAL OPINION OF THE COURT
BEFORE THE HONORABLE SHIRLEY PADMORE MENSAH
AUGUST 14, 2015
ST. LOUIS, MISSOURI

FOR THE PLAINTIFF:

    CAROLINA S. A. DONEY
    ADAMS LAW GROUP
    One Mid River Malls Drive, Suite 200
    St. Peters, MO  63376
    (636) 397-4744

FOR THE DEFENDANT:

    SEAN STEWART
    SOCIAL SECURITY ADMINISTRATION
    OFFICE OF THE GENERAL COUNSEL
    601 East 12th Street, Room 535
    Kansas City, MO  64106-2898
    (913) 206-3702

    Proceedings recorded by mechanical stenography;
transcript produced by computer.
_____

DEBORAH A. KRIEGSHAUSER, FAPR, RMR, CRR
Federal Official Court Reporter
111 South Tenth Street, Third Floor
St. Louis, MO  63102
(314) 244-7449

1          (Ruling of the Court commenced at 10:50 AM.)

2          THE COURT: All right. Thank you. I am ready to
3    rule on this case.

4          As we discussed at the start of the hearing, the
5    Plaintiff here, Mr. White, is appealing the Commissioner's
6    denial of his application for disability insurance benefits.
7    And the particular issues raised for judicial review are,
8    first, whether the ALJ committed reversible error at Step 2 of
9    the disability analysis by failing to identify which of
10   Plaintiff's medical impairments were severe; and, second,
11   whether the ALJ erroneously failed to give controlling weight
12   to the opinion of Plaintiff's treating doctor, Dr. Hawk.

13         I am going to affirm the Commissioner's decision
14   because I believe that, as a whole, it is supported by a
15   substantial evidence.

16         With respect to the Step 2 finding, I agree with
17   Plaintiff. I think both sides have agreed that the ALJ's
18   decision is less than clear, and the ALJ clearly did not
19   explicitly state which impairments he found to be severe.
20   However, I have reviewed the cases that were discussed during
21   oral argument. I did review *Haines v. Apfel* cited by
22   Plaintiff and discussed during oral argument as well as *Baugus
23   v. Astrue* and Judge Noce's decision in *Dale v. Apfel*. I do
24   believe that the reasoning from the *Baugus* line of cases is
25   more applicable here because, unlike the case in *Haines*, I

find that it is possible to know from a review of the record and the decision as a whole which impairments the ALJ considered to be severe.

Unlike *Haines* where the -- where the ALJ simply found that the plaintiff -- the claimant there had severe impairments, the ALJ here gives us more guidance. As was discussed at Page 11 of the -- of the hearing of the administrative record, the ALJ identifies cardiovascular impairment and musculoskeletal impairments which are then listed at Page 15 of the administrative record.

So I agree with the Commissioner that when you read the decision as a whole, it is possible to know that the ALJ considered Plaintiff's cardiovascular impairments, which are all listed at Page 15 of the record, to be severe. It's also possible to know from the decision that the ALJ considered all of Plaintiff's musculoskeletal impairments, again listed at Page 15 of the record, to be severe. And it's possible to know from reading the entire decision that the ALJ considered Plaintiff's anxiety to be nonsevere.

So unlike in *Haines* and in *Dale*, the Court here is able to have a meaningful review, although to quote the Court in *Baugus*, "It is preferable that the ALJ explicitly lists the Claimant's severe impairments." In this case it is readily apparent which of the Plaintiff's impairments the ALJ determined to be severe. As such, the Court can meaningfully

1   review that decision.

2           Before leaving the Step 2 analysis, I'd also like to
3   note that it's unclear to the Court why any error by the ALJ
4   at Step 2 isn't harmless error in this case.  This is not a
5   situation where the ALJ failed to consider some of Plaintiff's
6   medically determinable impairments.  Plaintiff has not argued
7   that, and there's no evidence that the ALJ failed to identify
8   a medically determinable impairment.  So -- But it's clear
9   from the decision that the ALJ found that there was a severe
10  impairment.  It's unclear why the ALJ's failure to identify,
11  say, the gunshot wound to Plaintiff's knee as a severe
12  impairment would have resulted in any harm to Plaintiff in
13  light of the fact that it's clear from reading the hearing
14  decision that the ALJ considered all of Plaintiff's medically
15  determinable impairments at Step 4 of the disability analysis.

16          With respect to the Treating Physician Rule,
17  notwithstanding Plaintiff's arguments to the contrary, the ALJ
18  did not violate the Treating Physician Rule.  Again, the
19  decision is not a model of clarity.  However, the hearing
20  decision acknowledges the opinions of Dr. Hawk, acknowledges
21  that Dr. Hawk's opinions would normally be entitled to great
22  weight as a matter of regulatory law but then concludes that
23  Dr. Hawk's assessments were inconsistent with -- the Plaintiff
24  quoted this -- just about everything he said elsewhere about
25  the Claimant in terms of pain and medication control.  The

1  hearing decision does go on in some detail about those
2  perceived inconsistencies.  And while a different fact finder
3  may draw somewhat different conclusions after reviewing the
4  same record, the ALJ's conclusion here is within the zone of
5  available choices for all of the reasons stated in the hearing
6  decision and in the Commissioner's brief.
7       So based on my review of the administrative record
8  and for the reasons set out in the Commissioner's brief and
9  stated on the record today at oral argument, I do find that
10 substantial evidence on the record as a whole supports the
11 Commissioner's decision.  As such, I will affirm the decision
12 and will issue a judgment consistent with this opinion.
13      I will attach a transcription of this oral opinion to
14 the judgment.
15      Thank you very much, counsel, and you will get copies
16 of the judgment and my statement of reasons for the judgment.
17      MS. DONEY:  Thank you.
18      MR. STEWART:  Thank you, Your Honor.
19      THE COURT:  Court is adjourned.  Thank you.
20      (Court adjourned at 10:55 AM.)
21
22
23
24
25

CERTIFICATE OF OFFICIAL REPORTER

      I, Deborah A. Kriegshauser, Federal Official Realtime Court Reporter, in and for the United States District Court for the Eastern District of Missouri, do hereby certify that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically-reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

      Dated this 14th day of August, 2015.

                          /s/ Deborah A. Kriegshauser
                          _____
                          DEBORAH A. KRIEGSHAUSER, FAPR, RMR, CRR
                          FEDERAL OFFICIAL COURT REPORTER